**HUNTER v. STATE ex rel. THOMPSON.**

No. 9792—Opinion Filed Sept. 17, 1918.

Rehearing Denied Nov. 26, 1918.

(175 Pac. 935.)

(Syllabus.)

**Appeal and Error—Ineffectual Determination—Dismissal.**

Where it appears, in an action between two claimants to the office of town treasurer over the custody of the funds, records, and paraphernalia of the office, that pending the appeal the plaintiff in error has tendered his resignation as treasurer to, and the same has been accepted by, the board of trustees of said town, the appeal may be dismissed.

Appeal from District Court, Tillman County; Frank Mathews, Judge.

Mandamus proceedings by the State, on the relation of Floyd M. Thompson, against C. M. Hunter. Peremptory writ issued, and defendant appeals. Dismissed.

Wilson & Roe, for plaintiff in error.

Searcy & Counts, for defendant in error.

RAINEY, J. This is a mandamus proceeding, instituted in the district court of Tillman county, Okla., by Floyd M. Thompson, defendant in error, against C. M. Hunter, plaintiff in error, to require the plaintiff in error to surrender possession of and deliver to the defendant in error the books, records, funds, and paraphernalia of the office of town treasurer of the town of Grandfield. A peremptory writ was issued by the district court, and from said judgment the plaintiff in error has appealed to this court.

It appears that the said C. M. Hunter was the duly elected treasurer of said town, but on account of his absence from the town, due to his enlisting in the military service of the United States, the board of trustees of said town declared his office vacant and appointed Floyd M. Thompson as treasurer for the unexpired term. At the time of the trial, and when the case was submitted at the June term of this court, Mr. Hunter was located at Ft. Sill, Okla. After the cause was submitted, and on, to wit, July 29, 1918, defendant in error filed the following motion to dismiss the appeal:

"Comes now the above-named defendant in error and moves the court to dismiss the appeal of plaintiff in error herein for the following good and lawful reasons, to wit:

"(1) Because the plaintiff in error is no longer town treasurer of the town of Grandfield, Okla., that said C. M. Hunter did, on the 13th day of July, 1918, tender his resignation as treasurer of the town of Grandfield, Okla., and ordered any suits to be withdrawn which were instituted in his behalf, and also ordered the First National Bank of Grandfield, Okla., to turn over to his regularly and lawfully appointed successor any and all funds to his credit as such treasurer, and further requesting that his accounts be audited, which said resignation was, on the 15th day of July, 1918, duly presented to the board of trustees of said town in regular session assembled, and by them accepted. A true and correct certified copy of the minutes of the said board of trustees of said meeting or session of July 15, 1918, showing said resignation and the action of said board thereon, is hereto attached, marked for identification Exhibit A, and made a part hereof.

"(2) That since said resignation, and the acceptance thereof, all questions raised by said appeal have become moot.

"(3) That defendant in error is now the duly appointed and qualified treasurer of said town, having on file good and sufficient bond, which has been duly approved, and also having on file his oath of office in due form of law, and is now being recognized as the lawful treasurer of said town by the board of trustees thereof.

"Wherefore the defendant in error prays the court that the appeal herein be dismissed."

There is attached to the motion a certified copy of the resignation, and the proceedings of the board of trustees accepting the same. In response to the motion to dismiss it is urged that the resignation filed by Mr. Hunter has been withdrawn, and that he desires to proceed with the case. In support of the allegations in the response there is attached thereto Mr. Hunter's affidavit, in which he states that his letter of resignation was written after he had been informed that he would be assigned to overseas duty within a short time, that soon thereafter, having learned that he would remain in Ft. Sill he has written a letter withdrawing his resignation, and that he desired to continue in said office until the expiration of the term for which he was elected. In the reply to the answer to the motion to dismiss the appeal it is shown that on the 15th day of July, 1918, the board of trustees in regular session accepted Mr. Hunter's resignation; at which time they had not received any letter from him withdrawing his resignation, and that such letters had never been presented to them. The resignation having been filed and accepted before the board of trustees was advised of its attempted withdrawal, Mr. Hunter is no longer treasurer of said town, and therefore not entitled to the custody of the funds, records, and paraphernalia of the office.

For the reasons stated, the motion to dismiss the appeal is sustained.

All the Justices concur.